# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

In re:                                          :
                                                : Jointly Administered
KAISER ALUMINUM CORPORATION,                    :
a Delaware corporation, et al.,                 : Case No. 02-10429 (JKF)
                                                :
         Debtors.                               : Chapter 11

## ORDER AUTHORIZING THE DEBTORS TO IMPLEMENT A KEY EMPLOYEE RETENTION PROGRAM AND GRANTING CERTAIN RELATED RELIEF

This matter coming before the Court on the Motion of the Debtors for an Order Authorizing the Debtors to Implement a Key Employee Retention Program (the "Motion"), filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Court having reviewed: (a) the Motion; (b) the Objection of the United Steelworkers of America, AFL-CIO-CLC, to Debtors' Motion for an Order Authorizing Them to Implement a Key Employee Retention Program (the "USWA Objection"); (c) the Response of the Official Committee of Asbestos Claimants to the Motion of the Debtors and Debtors in Possession for an Order Authorizing Them to Implement a Key Employee Retention Program; (d) the Response of the Official Committee of Unsecured Creditors in Support of the Debtors' Motion for an Order Authorizing Them to Implement a Key Employee Retention Program; and (e) the Reply of Debtors and Debtors in Possession to Objection of the United Steelworkers of America, AFL-CIO-CLC, to Debtors' Motion for an Order Authorizing Them to Implement a Key Employee Retention Program (the "Reply"), and having considered the evidence and heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c)

notice of the Motion and the Hearing was sufficient under the circumstances and (d) the Debtors' decision to implement the Key Employee Program (as defined in the Motion, but including the modifications described in the Reply) represents a sound business judgment, pursuant to section 363(b) of the Bankruptcy Code, ~~11 U.S.C. §§ 101-1330 (the "Bankruptcy Code")~~ (F), and (e) approval of the Key Employee Program is in the best interest of the Debtors' estates and creditors; and the Court having determined that the USWA Objection should be overruled and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Capitalized terms used herein and not otherwise defined shall have the meanings given to them in the Motion.

3. The Debtors are authorized to: (a) implement and make such payments as are provided for under the terms of the Key Employee Program, including the Retention Plan (with the modifications described in the Reply), the Severance Plan, the CIC Plan, the LTI Plan (with the modifications described in the Reply) and the SERP, and (b) enter into such transactions and documents as are necessary or appropriate to implement the provisions of the Key Employee Program (with the modifications described in the Reply).

(F) and, for purposes of this motion only and without having determined that this issue must be evaluated under the more strict standard for purposes of §503, that the claims to be created by approval hereof are actual & necessary expenses of the estate

DLI-5706034v3

4. Notwithstanding the foregoing, all rights of the Creditors' Committee and the Asbestos Committee regarding the final documentation related to the Key Employee Program (including final agreements with individual key employees, if any) are preserved, and the Creditors' Committee and the Asbestos Committee, may, to the extent of any disagreement over final terms, request a hearing to resolve such disagreement.

Dated: 9/3, 2002        /s/ JK Fitzgerald
                        UNITED STATES BANKRUPTCY JUDGE

DLI-5706034v3